## 60612. SOSEBEE v. THE STATE.

SHULMAN, Judge.

Defendant appeals his conviction of the offense of burglary. We affirm.

Appellant's sole enumeration of error is on the general grounds. Specifically, appellant submits that his conviction was impermissibly premised solely upon the uncorroborated testimony of an accomplice. We disagree.

At trial the state presented evidence to show that the witness Jasper Johnson (who defendant claims was an accomplice) was not an accomplice to the crime of burglary, but rather an unwilling "dupe" of the defendant; that Johnson was unaware of defendant's unlawful activities; and that he had no intention to aid or abet defendant in the commission of a crime.

" 'It is for the jury, from a consideration of the testimony of the witness, wherein he admits his presence at the scene of the crime at the time of its commission by [the defendant] but denies any [knowing] participation therein by him. . . as well as any other relevant circumstance, to determine whether the witness was an accomplice of the defendant on trial.' [Cits.]" *Maddox v. State,* 131 Ga. App. 86 (2) (205 SE2d 31).

The trial court properly instructed the jury that it was their

province to determine whether or not a particular party (i.e., the witness Jasper Johnson) was an accomplice. The court further instructed the jury that if they determined that a particular witness was an accomplice, then in order "[t]o sustain a conviction in a felony case upon the testimony of an accomplice, there must be corroborating facts or circumstances which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crime, or lead to the inference that he is guilty."

Since "[t]he facts sub judice do not support a finding that [Johnson] is an accomplice as a matter of law" (id., p. 89), the jury was authorized to determine that Johnson was not an accomplice. See also *Solomon v. State,* 18 Ga. App. 744 (90 SE 488). That being true, evidence corroborating Johnson's testimony connecting defendant to the commission of the offense charged was unnecessary. See Code Ann. § 38-121. The fact that no corroborating evidence may have been presented does not therefore present grounds for reversal.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED SEPTEMBER 17, 1980 — DECIDED NOVEMBER 5, 1980.

*Charles W. Smith, Jr.,* for appellant.
*Jeff C. Wayne, District Attorney,* for appellee.